**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-1208**

---

VERONA SMITH; JULIUS K. CALDWELL; GEORGANN S.
CALDWELL,

Plaintiffs - Appellants,

versus

UNITED RECOVERY, INCORPORATED; UNITED LEASING,
INCORPORATED, a Virginia Corporation; EDWARD
H. SHIELD, an individual,

Defendants - Appellees.

---

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.  David A. Faber, Chief
District Judge.  (5:03-cv-00036)

---

Submitted:  January 11, 2007          Decided:  March 21, 2007

---

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Lawrence A. Melfa, Samuel M. Grant, BUTLER, MELFA & TAYLOR, P.A.,
Towson, Maryland, for Appellants.  Robert B. Allen, Pamela C. Deem,
Teresa K. Thompson, ALLEN, GUTHRIE, MCHUGH & THOMAS, P.L.L.C.,
Charleston, West Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case arises out of allegations of unauthorized removal of coal and timber from a 2,134-acre tract of land owned by the plaintiffs in Raleigh County, West Virginia. The plaintiffs appeal the district court's grant of judgment as a matter of law to defendants United Recovery, Inc. and Edward Shield following a jury verdict in favor of the plaintiffs. The plaintiffs also appeal the district court's grant of summary judgment to the defendants on the claim that United Recovery's corporate veil should be pierced to impose liability on defendants United Leasing, Inc. and Shield. Finding no error, we affirm.

I.

In January 2002 United Recovery entered into an option agreement with the plaintiffs to buy the tract of land that is the subject of this dispute. United Recovery later agreed to a coal lease on the property with RAR Construction Company. RAR obtained a leasehold interest in any rights United Recovery possessed in the property, and the lease obligated RAR to pay royalties on any coal mined. Although United Recovery had not exercised its option to purchase, RAR moved onto the property to resume reclamation work abandoned by a prior mining company. Plaintiff Julius Caldwell witnessed RAR's activities and objected to the company's presence. After conversations with United Recovery and RAR officials,

Caldwell agreed to allow RAR to continue its work if RAR paid royalties for any coal removed. RAR consented to this arrangement. United Recovery ultimately decided not to exercise its option to purchase the property.

The plaintiffs sued United Recovery, its sister company, United Leasing, and Shield for trespass and conversion allegedly committed by RAR. The plaintiffs contended that RAR was an agent of the defendants, making them liable for RAR's actions. The district court granted summary judgment to United Leasing and Shield on the plaintiffs' claim that United Recovery was a mere instrumentality of United Leasing and Shield. The district court allowed the conversion and trespass claims to proceed to trial against United Recovery and Shield, and the jury returned a $197,891.99 verdict in favor of the plaintiffs. The district court subsequently granted United Recovery and Shield's motion for judgment as a matter of law, concluding that the evidence was insufficient to support the verdict. The plaintiffs appeal both the summary judgment and the judgment as a matter of law.

## II.

The plaintiffs' main argument is that the district court erred in granting the defendants' motion for judgment as a matter of law. We review de novo a trial court's decision to grant such a motion. See Konkel v. Bob Evans Farms, Inc., 165 F.3d 275, 279

3

(4th Cir. 1999).  Judgment as a matter of law is warranted when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party" presenting an issue at trial.  Fed. R. Civ. P. 50(a).  The evidence is considered in the light most favorable to the non-moving party.  Conner v. Schrader-Bridgeport Int'l, Inc., 227 F.3d 179, 192 (4th Cir. 2000).

The plaintiffs did not sue RAR, the entity that actually conducted the reclamation work on their property.  The plaintiffs thus sought to recover from United Recovery and Shield on an agency theory.  An agency relationship exists when a contract or conduct establishes that an entity or individual is controlled by a principal and works for the benefit of the principal.  1 Michie's Jurisprudence, Agency § 2.  An agent has no individual interest in the subject of the agency and does not profit from the relationship beyond any compensation offered by the principal.  Central Trust Co. v. Virginia Trust Co., 197 S.E. 12, 19 (W. Va. 1938).

The district court correctly concluded that there was insufficient evidence of an agency relationship between United Recovery and Shield, on the one hand, and RAR, on the other, to sustain a jury verdict in the plaintiffs' favor.  The plaintiffs' evidence failed to establish (1) the requisite control by United Recovery and Shield over RAR's actions or (2) the absence of a profit motive for RAR in the relationship.  The coal lease relied upon by the plaintiffs sets forth a typical lessor-lessee

4

relationship and does not contain any directions of the sort that would show an intent to establish an agency relationship. Moreover, the events following plaintiff Caldwell's discovery of RAR on the property do not support a finding that RAR was subject to the control and direction of United Recovery or Shield. Shield, as an officer of United Recovery, told RAR and Caldwell to resolve the problem themselves. This evidence reveals that United Recovery and Shield were not exercising control over RAR's actions. The plaintiffs also failed to prove that RAR was acting for the benefit of United Recovery or Shield. If the lease had taken effect, RAR would have profited from its mining activities independent of any compensation from United Recovery or Shield. RAR was obligated only to pay a royalty as rent; it could retain any profit.

The plaintiffs also failed to produce evidence to support their alternative theory that United Recovery and Shield were joint tortfeasors with RAR. An entity or person will be held liable for the tort of another if it or he acted at the same time for a similar purpose or engaged in some form of concerted action. See Harless v. First Nat'l Bank, 289 S.E. 2d 692, 699 (W. Va. 1982). The evidence in this case shows only a potential landlord-tenant or lender-borrower relationship between United Recovery and RAR. United Recovery and Shield did not participate in or direct any of the activities asserted to be tortious.

Because the plaintiffs did not prove (1) that RAR was acting as the agent of United Recovery or Shield or (2) that United Recovery or Shield participated in a joint tortious act with RAR, the district court did not err in granting United Recovery and Shield's motion for judgment as a matter of law.

### III.

Our determination that there is no liability on the part of United Recovery and Shield moots the plaintiffs' claim that United Recovery's corporate veil should be pierced to impose liability on United Leasing and Shield.

* * *

The district court's order of summary judgment and the judgment as a matter of law are

AFFIRMED.

6